# BILLHOFER *a.* HEUBACH.

*Supreme Court, First District; General Term, Feb.,* 1862.

JUDGMENT AGAINST JOINT-DEBTORS ON SERVICE OF PROCESS ON A A PART.—CREDITOR'S ACTION.—RETURN OF EXECUTION.—SEVERING ACTION.

Upon a judgment against joint-debtors recovered in an action in which a part only were served with summons, a creditor's action can be maintained to reach the joint property of all; though it could not be maintained to reach the separate property of those not served.*

A creditor's action may be commenced before the lapse of sixty days from·the

---

* Compare Field *a.* Chapman, 14 *Abbotts' Pr.,* 133.

issuing of execution, where the execution has been returned unsatisfied within that time.

Subdivision 2 of § 136 of the Code—which provides if the action be against defendants severally liable, the plaintiff may proceed against the defendants served in the same manner as if they were the only defendants—is not restricted to common-law actions on contract.

Appeal from a judgment.

The plaintiffs John Georg Billhofer and Georg Arnold, were partners in trade in Bavaria, Germany. The defendants Victor Heubach, Augustus Johnson, and Alfred Heubach, were partners in trade, composing the firm of Victor Heubach & Co., in the city of New York. On the 31st day of July, 1860, Augustus Johnson released his interest in the partnership assets to his copartners, and on the same day the other members of the firm sold and delivered the whole of the stock of merchandise then in their store, and certain choses in action, to the defendant Henry Heubach.

On the 13th of September, 1860, two judgments in this court, in form against all the members of the firm of Victor Heubach & Co. were recovered; one in favor of the plaintiffs, and one in favor of Samuel N. Dodge, who subsequently assigned the same to the plaintiffs. The summons in each action was served upon Augustus Johnson only. The judgments were entered by default without service upon either Victor or Alfred Heubach. Executions to the sheriff of New York were issued upon each judgment on the same day, which were returned unsatisfied on the 15th of September, 1860. No proceedings had been taken to bind either Victor or Alfred Heubach by the said judgments.

The greater portion of the stock of merchandise sold by Victor and Alfred Heubach to Henry Heubach, and more in value than the amount of the judgments, at the time of the issuing of said executions, was in the store which had been occupied by the firm of Victor Heubach & Co., and in the possession of Henry Heubach, who was then carrying on a similar business for his own account. This action was commenced on September 18th, 1860, to set aside the sale to Henry Heubach as fraudulent and void as against the plaintiffs, and to apply, by the aid of a receiver, the property so sold to the satisfaction of the judgments of the plaintiffs. The summons in this action was served only upon Augustus Johnson, who did not answer, and upon Henry

Heubach, who did answer. The issues upon this answer were tried at the June special term, 1861, before Mr. Justice Hogeboom, who afterwards rendered judgment for the plaintiffs for the relief demanded in the complaint, which was entered on July 17, 1861. Victor and Alfred were not served with the summons, nor did they appear in this action. In due time Henry Heubach filed notice of his exceptions to the decision of the court, and appealed to the general term.

*William B. Ackley*, for the appellant.—I. The plaintiffs are not judgment-creditors of either Victor or Alfred Heubach, and no execution against them or either of them has been issued. (*Code*, § 136.) 1. This action is a " creditor's bill," and cannot be maintained by a creditor at large. The plaintiffs must not only have a judgment against *all* of several joint-debtors, but must have issued execution against *all*, so as to reach the *individual property* of *each*, which executions must have been duly returned. (2 *Rev. Stat.*, 173, § 38; Child *a.* Brace, 4 *Paige*, 309; Howard *a.* Sheldon, 11 *Ib.*, 558; McElwain *a.* Willis, 9 *Wend.*, 548; Greenwood *a.* Broadhead, 8 *Barb.*, 593; Crippen *a.* Hudson, 13 *N. Y.*, 161; Reuben *a.* Joel, *Ib.*, 488; Field *a.* Chapman, 13 *Abbotts' Pr.*, 320.) 2. A judgment entered under the statute against several joint-debtors upon service of process on one only does not bind those not served. (Oakley *a.* Aspinwall, 4 *N. Y.*, 513; 13 *Ib.*, 500; Field *a.* Chapman, *supra.*) 3. The court cannot presume that the remedy by execution, after a judgment at law against Victor and Alfred Heubach, would be ineffectual. (Brinkerhoff *a.* Brown, 4 *Johns. Ch.*, 671; McDermutt *a.* Strong, *Ib.*, 687.) 4. Therefore the remedy at law against the debtors has not been substantially exhausted, and until that is done the plaintiffs cannot apply for the interposition of a court of equity.

II. The defendants Victor and Alfred Heubach are necessary parties to this action, and have not been served with process. For this reason the judgment is erroneous. Final judgment cannot be rendered herein until they have been actually made parties. (Commercial Bank, &c., *a.* Meach, 7 *Paige*, 448; Reuben *a.* Joel, 13 *N. Y.*, 488; Field *a.* Chapman, *supra.*) Section 136 of the Code only applies to actions on contract. (Robinson *a.* Frost, 14 *Barb.*, 536.)

III. It will be claimed that the alleged fact that Victor and Alfred Heubach absconded, answers the preceding points. If the allegation were supported, this is not so. There was a complete remedy at law, by attachment and publication. The summons in this action could have been served upon them by publication. (*Code*, § 135.)

IV. The plaintiffs had a complete remedy at law, which they have not in good faith exhausted, or even attempted, and for this reason the judgment is erroneous. The creditor must have pursued his remedy to every available extent before he can resort to equity for relief. 1. The executions were returned in two days after delivery to the sheriff. It is apparent that no actual attempt was made to levy or collect by the sheriff, and this is not a sufficient return of the executions. (6 *Abbotts' Pr.*, 211; 17 *How. Pr.*, 157; 18 *Ib.*, 33; Field *a.* Chapman, *supra*.) 2. If the transfer of the stock of merchandise by the judgment-debtors to Henry Heubach was claimed or believed by the plaintiffs to be void as against them, the proper course of the plaintiffs was to have directed the sheriff to make a levy upon the goods. For all that appears in this case it could have been done by the plaintiffs. (Child *a.* Brace, 4 *Paige*, 309.) 3. The recovery of the judgment, and the issuing and return of an execution are not mere matters of form to prepare for an action in equity. The statute requires that the proceedings at law shall be substantially exhausted. (9 *Wend.*, 548; 4 *Paige*, 309.)

*Robert Dodge*, for the respondent.

By the Court.—Clerke, J.—I. Undoubtedly, to entitle creditors to set aside any disposition of property, fraudulently or illegally made by their debtors, they must have a lien upon the specific property. Therefore, where a judgment is recovered against joint-debtors upon service of process on any fewer than the whole, and where, consequently, an execution can be issued only against the joint property of all, or against the separate property of those who have been served, an action in the nature of a creditor's bill cannot be maintained to interfere with any disposition of the separate property of those who have not been served. In the present case the object of the action is to set aside the alleged fraudulent disposition of the joint property

of the defendants. Against this, the plaintiffs, having recovered a judgment which entitled them to an execution against the joint property of all the defendants in the judgment, would have a lien on the property in question, had not the alleged fraudulent disposition of it been made. They do not seek any interposition of the court in relation to the separate property of the defendants not served. The decision of the special term was, therefore, correct in maintaining the right of the plaintiffs to impeach the sale of the joint property.

II. The counsel of the defendant Henry Heubach maintains that no judgment could be rendered in this action until Victor and Alfred Heubach are served with process. I do not perceive that this objection was taken at the trial. But, if it was, I think it would have been ineffectual. The second subdivision of section 136 of the Code provides, " if the action be against defendants severally liable, the plaintiff may proceed against the defendants served in the same manner as if they were the only defendants." I do not see the necessity of restricting this provision to common-law actions on contracts. This is an action to enforce a judgment founded upon a contract; and, if Henry Heubach has obtained possession of the property of Victor and Alfred Heubach, he is liable to respond in this action, and is at liberty to show separately that he is lawfully in possession of it.

It is not necessary to notice the remaining objections; they are all untenable.

The judgment should be affirmed, with costs.

INGRAHAM, P. J., and LEONARD, J., concurred.